Cite as 2013 Ark. App. 502

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–13–302

|  |  |
|---|---|
|  | **Opinion Delivered** September 18, 2013 |
| NICOLE FREDRICK HANNAH<br>APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. JV-2012-602-3] |
| V. |  |
|  | HONORABLE STACEY ZIMMERMAN, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Judge

Nicole Hannah appeals the termination of her parental rights to her two children, A.H. and L.H. She argues three points, but we must affirm the circuit court's termination order because Hannah's points relate to decisions made during a phase of the parental-rights-termination process that she did not timely challenge.

On 18 July 2012, the Department of Human Services (DHS) exercised a seventy-two-hour hold on L.H., who was four months old, and his sister, A.H., who was eighteen months old, after a hotline report alleging that L.H. was the victim of abuse. According to the affidavit of facts attached to DHS's petition for emergency custody, L.H. was treated for significant bruising on the left side of his face and left eye, swelling near the left temple, and a bruise on his scalp on the back of his head. Further examination at Arkansas Children's Hospital (ACH) revealed a fractured rib that was in the process of healing and three fresh

fractures in his left foot. L.H. was under the care of his stepfather, David Hannah, when the injuries occurred, and the medical staff did not believe that the injuries were consistent with the explanation given by David and Nicole (which was that David tripped over A.H. while holding L.H., and L.H. hit his face on a walker as he and David fell to the ground).

The court granted an order for emergency custody and, after a hearing on 26 July 2012, found probable cause for the removal and continued custody with DHS. The court scheduled hearings on adjudication, no reunification, and permanency planning on 23 August 2012. The probable-cause order noted that DHS would have ACH representatives present via speakerphone to testify at the adjudication hearing. Nevertheless, at the adjudication hearing, Nicole objected to having the ACH representative testify by speakerphone, so the court continued the hearing until September 6.

Upon the commencement of the September 6 hearing, DHS and the attorney ad litem objected to Nicole using Dr. David Buckley's deposition, which Nicole sought to introduce as evidence, because they had not been given reasonable notice of the deposition. They also argued that Nicole had not adequately shown that Dr. Buckley was unavailable to testify. *See* Ark. R. Civ. P. 32 (2012). Nicole responded that once the hearing had been rescheduled, Dr. Buckley was unavailable to testify on the new hearing date, and that she sent a letter to the ad litem and DHS informing them about the deposition. She stated that she did not receive any objection from either attorney. The court ruled that three days' notice was not reasonable notice under Ark. R. Civ. P. 30 (2012) and did not receive the deposition as evidence. Dr. Buckley's deposition was proffered; the primary points of his testimony were

SLIP OPINION

that (1) he believed, within a reasonable degree of medical certainty, that L.H.'s injuries were consistent with David's story, and (2) the injury to L.H.'s rib probably occurred during childbirth. The court also denied Nicole's motion to reschedule the hearing so that Dr. Buckley could appear in person to testify.

After hearing extensive testimony, the court found that DHS had proved, not by just a preponderance of the evidence, but by clear and convincing evidence that L.H. was exposed to extreme cruelty and abuse. The court noted eight separate injuries, none of which had plausible explanations in the court's judgment. The court found that L.H. was dependent-neglected and that he had been subjected to aggravated circumstances. "Aggravated circumstances" means "[a] child has been abandoned, chronically abused, subjected to extreme or repeated cruelty, or sexually abused, or a determination has been made by a judge that there is little likelihood that services to the family will result in successful reunification." Ark. Code Ann. § 9-27-303(6) (Supp. 2011). The court also found that both L.H. and A.H. were at substantial risk of serious harm.

After hearing more testimony on why the children should not be reunited with Nicole, the court decided that it was in the children's best interest that no further reunification services be provided to Nicole given the aggravated circumstances. Regarding permanency planning, DHS acknowledged that Nicole had followed the court's orders and the case plan, but DHS still argued that she had not demonstrated the ability to protect the children and to keep them safe. Nicole testified, for example, that she intended to stay married to David because "he didn't do anything." The court concluded that "[t]here's no compelling reason

SLIP OPINION

why the Department should not file a petition for termination in such an egregious case of child abuse." So the court changed the goal to termination and authorized DHS to move forward with a plan for adoption. The court entered a detailed adjudication–and–disposition order in October 2012. The court also entered a no–reunification order and a permanency– planning order with extensive findings.

At the termination hearing held in late December 2012, the court found that DHS had proven grounds for termination in that Nicole had subjected the children to aggravated circumstances. L.H. and A.H. were adjudicated dependent-neglected as a result of abuse that could endanger L.H.'s life. The court also found that the children were very adoptable and that to turn the children over to their mother would be extremely harmful and not in their best interest. The termination order was entered on 14 January 2013. Nicole timely appealed the termination order.

On appeal, Nicole argues that the court erred in excluding Dr. Buckley's deposition, denying her motion for a continuance, and terminating her rights based on findings of abuse and aggravated circumstances. In response, DHS asserts that all of Nicole's arguments concern rulings from the adjudication hearing, which were not appealed, so she is precluded from raising these arguments now. We agree that all of Nicole's arguments are based on adverse rulings at the adjudication level. In termination cases, a challenge to a finding of abuse or aggravated circumstances must be made, if at all, in an appeal from the adjudication hearing. *See Dowdy v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 180, 314 S.W.3d 722. Our case law is clear; we may not review adverse rulings from the adjudication, review, or

SLIP OPINION

permanency-planning hearings. *See Krass v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 245, 306 S.W.3d 14 (citing *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005)). We must, therefore, affirm the order terminating Nicole's parental rights.

In closing, we acknowledge the obvious, which is that these cases involve family matters of the highest importance to all involved. That said, we must caution Nicole's counsel against making such strident remarks about the circuit court on appeal in the future. *See* Ark. Sup. Ct. R. 1-5 (2013).

Affirmed.

WYNNE and BROWN, JJ., agree.

*Sexton Law Firm*, by: *Jane Watson Sexton*, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor children.